**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

EUGENE DENNIS,[1]

                              Plaintiff,

        - v -                                    Civ. No. 9:07-CV-0091
                                                      (NAM/RFT)

JOHN J. DONELLI, *Superintendent, Barehill Correctional Facility*; T. SEAMAN, *Medical Dir., Barehill Correctional Facility*; T. WHALEN, *Medical Dir., Barehill Correctional Facility*; R. DONALDSON, *IGRC Supervisor, Barehill Correctional Facility*,

                              Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

EUGENE DENNIS
02-A-4625
Plaintiff, *Pro se*
*Last Known Address*:
Queensboro Correctional Facility
47-04 Van Dam Street
Long Island City, New York 11101

HON. ANDREW M. CUOMO                      RICHARD LOMBARDO, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On January 24, 2007, Eugene Dennis filed a *pro se* Complaint against various Defendants complaining that his hearing aids were improperly taken away from him in September 2005 and had not been returned. Dkt. No. 1, Compl. Dennis also filed an Application for *In Forma Pauperis*

---

[1] Both the Clerk of the Court and the New York State Department of Correctional Services list Plaintiff's name as "Eugene Dennis," however, Plaintiff signs all his correspondence as "Dennis Eugene." Because all official records list Plaintiff as "Eugene Dennis," the Court will follow suit so as to avoid any confusion, notwithstanding the name he ascribes.

status, which was granted on June 6, 2007.[2] Dkt. No. 2, App.; Dkt. No. 8, Order, dated June 6, 2007. In that Order, and consistent with local practice in this district, Dennis was warned of his obligation to notify the Court of any change in his address. Dkt. No. 8 at p. 4; *see also* N.D.N.Y.L.R. 10.1(c)(2). Furthermore, he was warned that his failure to comply with this rule could result in the dismissal of his action. Dkt. No. 8 at p. 4; *see also* N.D.N.Y.L.R. 41.2(b). More specifically, the Court mailed him an Order which stated, *inter alia*:

> **Plaintiff is also required to promptly notify the Clerk's Office and counsel for the Defendants of any change in his address; his failure to do so will result in the dismissal of this action.**

Dkt. No. 8 at p. 4 (emphasis in original).

During the pendency of this litigation, Dennis, at least in part, acknowledged this obligation when, on February 11, 2008, he filed a notification of a change in his address; since, however, he failed to serve such notification on Defendants, the Court struck the filing. *See* Dkt. Nos. 29 & 30.[3] As will become apparent, Plaintiff failed to abide by this responsibility multiple times thereafter.

On May 20, 2008, Defendants filed a Motion to Dismiss this action for Plaintiff's failure to prosecute the matter, or in the alternative, pursuant to Federal Rule of Civil Procedure 12(c) for failing to state a claim for relief, or in the alternative, for an order pursuant to Federal Rule of Civil Procedure 37(a) directing Plaintiff to appear for his deposition. Dkt. No. 31. Attached to that Motion is an Affidavit of Service demonstrating service on Plaintiff at two civilian addresses. Dkt.

---

[2] The significant delay of time between the filing of the IFP Application and the Order granting such status is due, primarily, to Plaintiff's failure to provide an updated inmate authorization form as directed by this Court. *See* Dkt. No. 3 (original inmate authorization form reflecting an obligation to only pay a $150 filing fee instead of $350); Dkt. No. 4, Order, dated Jan. 26, 2007 (informing Plaintiff of the need to file an updated authorization or pay the full filing fee in order to avoid dismissal); Dkt. No. 5, Order, dated Feb. 23, 2007 (directing compliance with the Court's January 26th Order); Dkt. No. 6, Order, dated Apr. 20, 2007 (directing dismissal of the action if Plaintiff did not comply within the allotted time-period); Dkt. No. 7 (proper inmate authorization form).

[3] Though stricken from the record, Dennis's address was updated on the Court's docket.

No. 31-14. Defendants then sought a stay of all pre-trial deadlines pending resolution of the dispositive Motion. Dkt. No. 33. The Court granted this request and further directed Defendants to serve a copy of their Motion on Plaintiff at the address currently on file with the Court, which, as of this date, is the last known address this Court possesses. Dkt. No. 33. Defendants complied with the Court's request and filed another Affidavit of Service evidencing same. Dkt. No. 34. A response to Defendants' Motion was due on June 16, 2008. On August 19, 2008, having still received nothing from Plaintiff, either a response or other correspondence, the Court *sua sponte* issued an Order directing Plaintiff to "**immediately** confirm his current address with the Court and Defendants' counsel" and further reset Plaintiff's time to respond to Defendants' Motion to September 30, 2008. Dkt. No. 35 at p.2 (emphasis in original). Plaintiff was specifically warned that his failure to confirm/update his address and respond to Defendants' Motion could result in dismissal of his action. *Id.* To date, the Court has not received any communication from Plaintiff and the Court's most recent Order has not been returned as undeliverable.

Such is the extent of the Court's direct knowledge of what has transpired in this action. After reviewing Defendants' Motion, it became apparent to the Court that Defendants' counsel has had a bit more insight into Plaintiff's travels, though his interaction with Plaintiff can be characterized as nothing less than frustrating. We shall summarize what transpired according to the unrefuted Declarations submitted in support of Defendants' Motion.

On December 12, 2007, this Court issued a Uniform Pre-trial Scheduling Order setting, *inter alia*, a discovery deadline of June 30, 2008. Dkt. No. 26. On December 19, 2007, the Court issued an Order granting Defendants' request to depose Plaintiff. Dkt. No. 28. Within that Order we warned Plaintiff that his failure to "attend, be sworn and answer appropriate questions may result

in sanctions including dismissal of the action pursuant to Rule 37 of the Federal Rules of Civil Procedure." *Id*. at p. 2.

On January 10, 2008, Assistant Attorney General (AAG) Richard Lombardo, who represents Defendants, received a letter from Plaintiff indicating he had been transferred from Eastern Correctional Facility to Sullivan Correctional Facility. Dkt. No. 31-2, Richard Lombardo, Esq., Decl., dated May 20, 2008, at ¶ 7, Ex. A. No similar notice was filed with the Court. On or about that same date, Defendants served Plaintiff a notice of deposition, indicating that such would take place at Sullivan on March 28, 2008; the notice was served on Plaintiff at Sullivan. Lombardo Decl. at ¶ 8, Ex. B. While the Court never received notice of Plaintiff's transfer to Sullivan, we received on February 11, 2008, word that he was being transferred from Sullivan to Queensboro. Dkt. No. 29. As indicated above, a copy of that letter had not been sent to Defendants and thus was ordered stricken from the record. Dkt. No. 30.

On February 14, 2008, AAG Lombardo sent a letter to Plaintiff at Queensboro advising him that if he was in DOCS custody on March 28, 2008, the date of his scheduled deposition, then the deposition would be conducted at a DOCS facility; if, however, Plaintiff is released from DOCS custody prior to March 28, 2008, he should appear for his scheduled deposition at the Office of the Attorney General. Lombardo Decl. at ¶ 10, Ex. C. AAG Lombardo further reminded Dennis of his obligation to keep the Court and Defendants apprised of any change in his address. *Id*.

According to Plaintiff's parole officer, Leslie Huston, on March 11, 2008, Plaintiff was released on parole to the Bellevue Men's Shelter, located in New York City. Dkt. No. 31-3, Leslie Huston, Parole Officer, Decl., dated May 19, 2008, at ¶¶ 2-4. Plaintiff failed to notify either the Court or the Defendants of his new address. Lombardo Decl. at ¶ 12.

On March 18, 2008, Plaintiff changed his approved residence to a "three-quarter house" located in Brooklyn, New York. Huston Decl. at ¶ 5. Plaintiff failed to notify either the Court or the Defendants of his new address. Lombardo Decl. at ¶ 14.

As of the date of Defendants' Motion, it was averred that Dennis failed to report to the Division of Parole after March 25, 2008, and he apparently did not reside at the Jamaica address previously furnished. Huston Decl. at ¶¶ 8-11.

On March 28, 2008, AAG Lombardo received a voice-mail message from Dennis (who identified himself as "Dennis Eugene Green") stating that he is "home now," had received Lombardo's letter, and needed to speak with him about the "paperwork [he] put in from Bare Hill." Lombardo Decl. at ¶ 16. Plaintiff requested a return phone call, though he failed to provide a phone number. *Id*. AAG Lombardo retrieved a number from his caller identification and placed a call to that number, leaving a message to a voice-mail that only played music. *Id*. at ¶¶ 16-17. Approximately one hour later, AAG Lombardo received another call from Plaintiff wherein he indicated he still wanted to pursue his lawsuit but could not appear for his deposition. *Id*. at ¶ 18. AAG Lombardo agreed to adjourn the deposition to April 16, 2008, at the Office of the Attorney General. *Id*. Plaintiff then provided a Brooklyn address, which was different from the one he previously provided to his parole officer. *Id*. That same date, AAG Lombardo wrote Plaintiff a letter confirming the new deposition date and further reminding Plaintiff of the consequences that could ensue should he not attend. *Id*. at ¶ 19, Ex. D. AAG Lombardo again reminded Plaintiff of his obligation to keep the Court and Defendants apprised of any change in his address. *Id*. A copy of that letter was sent, by certified and regular mail, to Plaintiff at both Brooklyn addresses he previously provided; the certified mailing was returned by the post office "unclaimed," but the

regular mailing was not. *Id*.

On April 16, 2008, Plaintiff failed to appear for his deposition. *Id*. at ¶ 20. On April 28, 2008, AAG Lombardo wrote a letter to Plaintiff requesting a statement in writing as to his desire to prosecute this matter; in the event Plaintiff wished to continue this matter, AAG Lombardo requested confirmation within five days so as to reschedule the deposition. *Id*. at ¶ 21, Ex. E. Dennis was further advised that should he opt not to contact AAG Lombardo, Defendants would seek "appropriate judicial intervention including, but not limited to, a motion to dismiss the complaint for failure to prosecute." *Id*. As of the date of Defendants' Motion, they still had not received any communication from Plaintiff, nor, as indicated above, has this Court.

This Court cannot countenance Plaintiff's failure to maintain his obligations in this litigation, namely to duly prosecute the action and keep the Court and his adversaries apprised of his current whereabouts. As then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing

*Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)). Furthermore, according to this District's Local Rules, a plaintiff's "failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a).

Here, Plaintiff's last communication with the Court was almost one year ago, on February 11, 2008, thus, his inaction has exceeded the four month threshold and clearly evinces a failure to duly prosecute this action. *See id.*; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (finding district court did not abuse its discretion in dismissing case due to party's failure to prosecute action). Countless times, as set forth above, Plaintiff has been warned not only of his obligation to keep the Court and his adversaries apprised of his whereabouts, but also of the consequences that could occur should he not heed such warnings or should he fail to appear for and participate in his deposition. We may presume that each of these warnings were properly received as none have been returned, but for one instance with regard to AAG Lombardo's mailing of the second notice of deposition. *See Akey v. Clinton County*, 375 F.3d 231, 235 (2d Cir. 2004) (cited in *Luessenhop v. Clinton County, New York*, 466 F.3d 259, 271 (2d Cir. 2006)).

This matter cannot proceed without notification to the Court by Plaintiff of his current address. We find that Dennis's failure to provide this Court and Defendants with a change of address warrants a recommendation of dismissal. *Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699. In light of all the above facts, the Court

finds that Plaintiff has abandoned this matter and the case should accordingly be dismissed.[4]

**WHEREFORE,** it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss for Lack of Prosecution (Dkt. No. 31) be **granted** and this action be dismissed due to Plaintiff's failure to update his address and his apparent abandonment of this case. *See* N.D.N.Y.L.R. 41.2(a) & (b) (dismissal of action appropriate where petitioner fails to notify Court of change of address); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order on the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   February 13, 2009
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

---

[4] In light of this recommendation, we find that Defendants' alternative basis for seeking dismissal and/or sanctions is moot.